1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| CLARENCE JAY FAULKNER,<br><br>　　　　　Plaintiff,<br><br>　　　v.<br><br>ISRAEL "ROY" GONZALEZ, MICHAEL PARIS, LIZA ROHRER, CHERYL SULLIVAN, TERRI MATSEN, WASHINGTON DEPARTMENT OF CORRECTIONS,<br><br>　　　　　Defendants. | CASE NO. 3:15-CV-05072-RJB-JRC<br><br>ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL |

　　　The District Court has referred this 42 U.S.C. § 1983 civil rights action to United States Magistrate Judge J. Richard Creatura pursuant to 28 U.S.C. § 636(b)(1)(A) and (B), and local Magistrate Judge Rules MJR1, MJR3 and MJR4.

　　　Currently before the Court is plaintiff's motion for appointment of counsel (Dkt. 15). Having carefully reviewed the motion and the balance of the record, the Court finds that the motion should be denied because plaintiff has demonstrated his ability to articulate his claims

without an attorney and there are no exceptional circumstances compelling the Court to appoint counsel at this time.

No constitutional right exists to appointed counsel in a § 1983 action. *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981); *see also United States v. $292,888.04 in U.S. Currency*, 54 F.3d 564, 569 (9th Cir. 1995) ("[a]ppointment of counsel under this section is discretionary, not mandatory"). However, in "exceptional circumstances," a district court may appoint counsel for indigent civil litigants pursuant to 28 U.S.C. § 1915(e)(1) (formerly 28 U.S.C.§ 1915(d)). *Rand v. Roland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *overruled on other grounds,* 154 F.3d 952 (9th Cir. 1998). To decide whether or not exceptional circumstances exist, the court must evaluate both "the likelihood of success on the merits [and] the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986) (*quoting Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983)). A plaintiff must plead facts that show he has an insufficient grasp of his case or the legal issue involved and an inadequate ability to articulate the factual basis of his claim. *Agyeman v. Corrections Corp. of America*, 390 F.3d 1101, 1103 (9th Cir. 2004).

In his complaint, plaintiff alleges that the Washington Department of Corrections rejected foreign language newspapers and publications that were sent to him (Dkt. 5). Plaintiff contends that this ban on foreign language publications is a violation of the First Amendment (*id.*). Plaintiff's motion states that he cannot afford counsel, has limited knowledge of the law and lacks access to a law library (Dkt. 15).

Here, despite plaintiff's argument that he does not have access to a law library, he has demonstrated an ability to articulate his claim under the First Amendment in a clear fashion that

1  is understandable to the Court.  While the claim may have merit, it is not possible to determine
2  plaintiff's likelihood of success at this point in the litigation.
3      Because plaintiff has demonstrated his ability to articulate his claim without an attorney
4  and there are no exceptional circumstances compelling the Court to appoint counsel at this time,
5  the Court denies plaintiff's motion for appointment of counsel.
6      Therefore, it is ORDERED:
7      (1) Plaintiffs' motion for appointment of counsel (Dkt. 15) is denied.
8      (2) The Clerk shall send a copy of this Order to plaintiff and counsel for defendants.
9      Dated this 19th day of June, 2015.

    J. Richard Creatura
    United States Magistrate Judge