1

2

3

4

5

6

7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

8

9

10  CLARENCE JAY FAULKNER,

11             Plaintiff,

12        v.

13  ISRAEL "ROY" GONZALEZ, MICHAEL
    PARIS, LIZA ROHRER, CHERYL
14  SULLIVAN, TERRI MATSEN,
    WASHINGTON DEPARTMENT OF
15  CORRECTIONS,

16             Defendants.

CASE NO. 3:15-CV-05072-RJB-JRC

ORDER ON PLAINTIFF'S MOTION
TO COMPEL

17

18        Before the Court is Plaintiff's motion to compel discovery.  Dkt. 19.  Plaintiff states that

19  defendants have failed to provide him with responses to his first requests for production and

20  interrogatories.  *Id.* The Court defers ruling on plaintiff's motion and orders defendants to file a

21  status report by October 21, 2015. Plaintiff may file a response to the status report on or before

22  November 4, 2015. The Court extends the deadline for discovery until December 30, 2015 and

23  the deadline for dispositive motions until February 28, 2016.

24

ORDER ON PLAINTIFF'S MOTION TO COMPEL
- 1

BACKGROUND

1

2          According to plaintiff's motion and declaration, on May 26, 2015, he served defendants

3   with his first set of interrogatories and request for production of documents. Dkt. 19 at 2. In

4   support of his motion, plaintiff attached several letters between the parties and defendants'

5   objections to his interrogatories. *See* Dkt. 19. According to plaintiff, on June 26, 2015, Mr.

6   Dittman, counsel for defendants spoke with plaintiff on the phone and told plaintiff that

7   defendants would need more time to respond to plaintiff's requests. *Id.* Plaintiff agreed to the

8   extension. *Id.* In a letter dated June 26, 2015, Mr. Dittman appears to reiterate the phone

9   conversation and stated that defendants would provide complete responses by July 13, 2015 and

10  that the delay was a result of a possible government shutdown. *Id.* at 7.

11         On July 5, 2015, plaintiff requested a telephone conference with Mr. Dittman. *Id.* at 2.

12  *See also* Dkt. 19 at 17. Based on the documentation attached to plaintiff's motion, it does not

13  appear that defendants responded to the July 5 letter.

14         On July 16, 2015, plaintiff received a letter from Mr. Dittman and a copy of the revised

15  DOC Policy 450.100 regarding mail for prison offenders showing that a change had been made

16  to that policy. *Id.* at 3. *See also* Dkt. 19 at 19-37. The same day, plaintiff wrote Mr. Dittman a

17  letter stating the following:

18              While I appreciate your providing me with the new DOC 450.100 Policy, you
19              have not upheld your promise to provide me with the responses to my First Set
                of Interrogatories and Requests for Production by Monday, July 13, 2015.

20              This cuts me short as the deadline for discovery is August 28, 2015, leaving me
21              only until July 28, 2015 to submit any further discovery or clarification to the
                responses and productions to my first set.

22              So, this weekend, I will prepare another set and I will submit them well prior to
23              July 28, 2015, thus giving you the required 30 days to respond. I will also dig out
                my old research material on filing a Motion to Compel .... I did not give you an

24

1    indefinite postponement, and the state never shut down so I feel you should have
2    been back on track to fulfill your promise.

3    Regardless of the change in policy, I will continue to pursue my claim and seek
reimbursement for all my troubles and the years of hassles I went through on this
4    unnecessary and overly restrictive policy. I will not be so harmed without
speaking up for some decent treatment when it comes to my cherished mail.

5    It was my understanding you would set up a conference call so we could move to
6    finalize and /or move this on to resolution. Please do that.

7 Dkt. 19 at 39. On July 18, 2015, plaintiff sent another letter to Mr. Dittman that requested a

telephone conference to discuss discovery. Dkt. 19 at 41.

8

9       In their response, defendants concede that under plaintiff's view of the facts, plaintiff has

satisfied his obligations to meet and confer. Dkt. 21 at 2. Defendants, however, contend that
10
based on plaintiff's July 16, 2015 letter, defendants understood that plaintiff intended to
11
promulgate new discovery to defendants. Dkt. 21 at 2. However, defendants concede that based
12
on plaintiff's motion to compel, it is clear that he did not intend this as substitute discovery. *Id.*
13
Defendants did not receive new discovery and sent further answers to plaintiff in addition to
14
filing their response to his motion to compel. *Id. See also* Dkt. 21-1 at 2 (Declaration of Mr.
15
Dittman, "[d]efendants have sent a response to [plaintiff's] First Set of Discovery, but are unsure
16
of the intended scope of some of his requests for production."). The declaration of Mr. Dittman
17
also states that a discovery conference would be helpful and "will be set up." Dkt. 21-1 at 3.
18
       In his reply, Plaintiff acknowledges that he did indicate that he would submit additional
19
interrogatories but that after he reviewed the Local Rules limiting the number of interrogatories,
20
plaintiff realized he was restricted from additional discovery. Dkt. 22 at 3. Plaintiff further states
21
that as of the date of his reply, defendants have not provided plaintiff with the supplemental
22
answers as claimed nor has any discovery conference been scheduled. *Id.*
23

24

DISCUSSION

The Federal Rules of Civil Procedure provide that "[p]arties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense – including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter." Fed. R. Civ. P. 26(b)(1).  Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.  *Id.*

When a party fails to answer an interrogatory under Rule 33 or fails to permit inspection of documents under Rule 34, the requesting party may move the court for an order compelling discovery.  Fed. R. Civ. P. 37(a)(3).  For purposes of such a motion, "an evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond."  Fed. R. Civ. P. 37(a)(4).  Furthermore, a court must limit the frequency or extent of discovery . . . [when] the discovery sought is unreasonably cumulative or duplicative or can be obtained from some other source that is more convenient, less burdensome, or less expensive.  Fed. R. Civ. P. 26(b)(1)(C).

Rule 37(a)(1) of the Federal Rules of Civil Procedure requires that a party seeking to compel discovery include in the motion a certification that the moving party "has in good faith conferred or attempted to confer" with the party failing to make disclosures.  Local Rule 37(a)(1)(A) provides that "a good faith effort to confer with a party or person not making a disclosure or discovery requires a face-to-face meeting or a telephone conference."

1. Plaintiff's Motion to Compel

Here, it appears that although there was some confusion surrounding whether plaintiff intended to substitute or supplement his first set of discovery, it seems clear that defendants have

1  not been as responsive as they should have been to plaintiff's discovery requests.  It is not clear

2  what discovery has been provided to plaintiff. Defendants contend that they have submitted

3  responses to plaintiff's first set of discovery and that they filed "further answers" in addition to

4  their response to plaintiff's motion. *See* Dkts. 21, 21-1.  In his reply, plaintiff contends that he

5  has not received "supplemental answers." *See* Dkt. 22. Furthermore, the Court notes that plaintiff

6  requested several telephonic meetings between July 5 and July 18 and plaintiff's reply states that

7  no conference has been scheduled. *See* Dkts. 19, 21, 22. Thus, while plaintiff has attempted to

8  schedule a meet and confer under Federal Rule of Civil Procedure 37 and defendants do not

9  appear to oppose such a conference, *see* Dkt. 21, it does not appear that defendants have gone far

10  enough making suitable arrangements for such a conference. *See id.*

11      Based on the information before the Court, the Court defers ruling on plaintiff's motion

12  until the parties have conferred and filed a status report.  Defendants are hereby charged with

13  arranging for such a conference. If plaintiff has not received the answers to his interrogatories or

14  believes that the answers are insufficient, he should confer with counsel for defendants in an

15  attempt to resolve those concerns. The Court anticipates that the parties will confer and make a

16  good faith effort to resolve their discovery disputes without Court interference.

17      Accordingly, the Court defers ruling on plaintiff's motion to compel to allow the parties

18  to discuss plaintiff's first request for discovery and any agreement regarding a second set of

19  discovery. The Court orders defendants to file a status report as to the results of that discussion

20  by October 21, 2015. Plaintiff may file a response to defendants' status report on or before

21  November 4, 2015.

22      2.  Discovery and Dispositive Motion Deadlines

23

24

1        In his motion, plaintiff expresses concern that he does not have time to submit any further

2    discovery or request clarification of discovery responses. *See* Dkt. 19. On the other hand, in his

3    reply, plaintiff requests that "no extension of the case schedule" be granted. Dkt. 22 at 3.

4    Defendants state that they would "not oppose discussing an extension of the discovery deadline."

5    Dkt. 21 at 2.  Because the Court defers ruling on plaintiff's motion to compel until the parties

6    have conferred and a status report has been filed and the current discovery deadline expired on

7    August 28, 2015, the Court finds good cause for an extension of the pretrial scheduling order

8    (Dkt. 14). The Court orders that the deadline to complete discovery be extended until December

9    30, 2015 and that dispositive motions be filed and served on or before February 28, 2016.

10        Accordingly, it is ORDERED:

11    (1) Defendants are directed to make arrangements for a discovery conference and

12            defendants shall provide the Court with a status report on or before October 21, 2015.

13            Plaintiff may file a response to the status report on or before November 4, 2015.

14    (2) The Court defers ruling on plaintiff's motion to compel (Dkt. 19) until the status

15            report is filed. The Clerk's Office is instructed to note this matter for November 4,

16            2015.

17    (3) All discovery shall be completed by December 30, 2015, dispositive motions shall be

18            filed and served on or before February 28, 2016.

19    Dated this 22nd day of September, 2015.

20

21    _____

      J. Richard Creatura

22    United States Magistrate Judge

23

24

ORDER ON PLAINTIFF'S MOTION TO COMPEL
- 6