1

2

3

4

5

6

7

UNITED STATES DISTRICT COURT
8    WESTERN DISTRICT OF WASHINGTON
AT TACOMA
9

10   CLARENCE JAY FAULKNER,

11                    Plaintiff,                         CASE NO. 3:15-CV-05072-RJB-JRC

12          v.                                           ORDER DENYING PLAINTIFF'S
                                                         MOTION TO COMPEL
13   ISRAEL "ROY" GONZALEZ, MICHAEL
     PARIS, LIZA ROHRER, CHERYL
14   SULLIVAN, TERRI MATSEN,
     WASHINGTON DEPARTMENT OF
15   CORRECTIONS,

16                    Defendants.

17

18          Before the Court is plaintiff's motion to compel discovery.  Dkt. 19.  The Court deferred

19   ruling on plaintiff's motion until November 4, 2015 after defendants filed a status report and

20   plaintiff filed a reply. Dkt. 23.

21                                          BACKGROUND

22          As an initial matter, the Court notes that there has been confusion surrounding whether

23   plaintiff intended to substitute or supplement his first set of discovery requests, and it was not

24   clear what discovery defendants had provided to plaintiff. *See* Dkt. 23. Thus, the Court deferred

ORDER DENYING PLAINTIFF'S MOTION TO
COMPEL - 1

1  ruling on plaintiff's motion to compel until November 4, 2015, after a status report had been

2  filed by defendants and plaintiff filed a reply.

3        Defendants filed their status report on October 21, 2015. Dkt. 24. Defendants state that

4  the parties conferred on October 19, 2015 and reached a consensus on how to move forward with

5  discovery. *Id.* Defendants agreed to address plaintiff's discovery requests "to the extent possible"

6  by October 30, 2015. *Id.* In addition, defendants agreed that plaintiff may promulgate five

7  additional interrogatories and five additional requests for production. *Id.*

8        Plaintiff filed his response on October 26, 2015. Dkt. 25. Plaintiff states that he conferred

9  with counsel for defendants, Mr. Dittman, on October 7, 2015. *Id.* Plaintiff states that Mr.

10  Dittman told plaintiff that he would get back to plaintiff on October 12, 2015 to resume the

11  discovery conference, but plaintiff asserts that this meeting never occurred. *Id.* Plaintiff does not

12  address whether the parties conferred on October 19, 2015 or whether defendants addressed

13  plaintiff's discovery responses. *Id.*

14        On November 5, 2015, plaintiff filed a declaration in support of his response. Dkt. 26.

15  Plaintiff acknowledges that the parties conferred on October 19, 2015. However, plaintiff states

16  that as of November 3, 2015, defendants have not contacted plaintiff nor have defendants

17  provided the answers and productions noted in the status report. Dkt. 26. It is unclear what

18  plaintiff refers to as the "answers and productions noted in the status report," but based on the

19  status report filed by defendants, the Court interprets this as plaintiff's allegation that defendants

20  have failed to respond to his additional five interrogatories and requests for production.

21                         DISCUSSION

22        When a party fails to answer an interrogatory under Rule 33 or fails to permit inspection

23  of documents under Rule 34, the requesting party may move the court for an order compelling

24

ORDER DENYING PLAINTIFF'S MOTION TO
COMPEL - 2

1  discovery.  Fed. R. Civ. P. 37(a)(3).  For purposes of such a motion, "an evasive or incomplete

2  disclosure, answer, or response must be treated as a failure to disclose, answer, or respond."  Fed.

3  R. Civ. P. 37(a)(4).

4        To the extent that plaintiff moves to compel defendants to submit responses to his

5  additional discovery requests, under Federal Rule of Civil Procedure 33 (Interrogatories to

6  Parties) and Federal Rule of Civil Procedure 34 (Requests for Production), a party to whom the

7  interrogatory or request is directed has 30 days to respond unless otherwise ordered by the Court

8  or agreed upon by the parties. *See* Fed. R. Civ. P. 33(2) and Fed. R. Civ. P. 34(2)(a).

9        Here, plaintiff's response and declaration do not state that his interrogatories or requests

10  for production have been pending for more than 30 days or that a shorter time was stipulated to

11  under Federal Rule of Civil Procedure 29. According to plaintiff's declaration, defendants have

12  failed to produce "answers and productions as noted in the status report submitted to the Court

13  on October 21, 2015." Dkt. 26.  Plaintiff's response and declaration are vague and unspecific.

14  Without any specific facts showing how defendants' responses to plaintiff's additional

15  interrogatories and requests for production were deficient or untimely, the Court cannot compel

16  defendants to provide a further response.

17        Accordingly, plaintiff's motion to compel is denied without prejudice. The Court notes

18  that plaintiff may file a renewed motion to compel stating specific facts regarding when plaintiff

19  submitted his discovery requests, what responses, if any, plaintiff received from defendants, and

20  how defendants' responses are untimely or deficient.

21        Dated this 10th day of November, 2015.

22

23  _____

24  J. Richard Creatura
    United States Magistrate Judge